**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000502
26-APR-2019
07:58 AM**

NO. CAAP-18-0000502

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DWIGHT J. VICENTE, Claimant-Appellant/Appellant, v.
HILO MEDICAL INVESTORS, LTD., Employer-Appellee/Appellee,
and AMERICAN HOME ASSURANCE COMPANY/AIG CLAIMS SERVICES,
Insurance Carrier-Appellee/Appellee, and JOHN MULLEN & COMPANY,
INC., Insurance Adjuster-Appellee/Appellee.

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-259(H)(S); DCD NO. 1-87-00882)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chun and Hiraoka, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over an appeal by Claimant-Appellant/ Appellant Dwight J. Vicente (Vicente), pro se, from the Labor and Industrial Appeals Board's[1] (LIRAB) May 31, 2018 interlocutory order denying Vicente's May 14, 2018 motion to vacate settlement, to strike violations, and to remand in LIRAB Case No. 2015-259(H)(S). In LIRAB Case No. 2015-259(H)(S), the LIRAB has not yet entered a final decision and order regarding its review of the Director of the Department of Labor and Industrial Relations' (Director) June 3, 2015 decision regarding Vincente's claim for further workers' compensation benefits for a May 3, 1987 injury.

---

[1] At all relevant times, the Labor and Industrial Relations Appeals Board appears to have been composed of Chair Danny J. Vasconcellos, Member Melanie S. Matsui and Member Marie C. Laderta.

An aggrieved party may appeal a final decision and order by the LIRAB directly to the Hawai'i Intermediate Court of Appeals pursuant to Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012 & Supp. 2018). The appealability of a decision and order of the LIRAB is governed by HRS § 91-14(a). Bocalbos v. Kapiolani Med. Ctr., 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999).

> For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Id. (citation and some internal quotation marks omitted). "[A]n order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted). But when the LIRAB's determination of a claimant's workers' compensation claim for benefits "has not been made[,] . . . the requisite decree of finality is lacking with respect to th[e] case[,]" and the appellate court lacks jurisdiction. Mitchell v. State Dep't of Educ., 77 Hawai'i 305, 308, 884 P.2d 368, 371 (1994) (dismissing for lack of jurisdiction an appeal from an LIRAB decision that adjudicated some, but not all, compensation issues in a workers' compensation matter).

In the instant case, the May 31, 2018 interlocutory order does not finally adjudicate any benefit or penalty, nor does it finally determine the substantive issues in the underlying LIRAB case in LIRAB Case No. 2015-259(H)(S), which is still pending final disposition before the LIRAB. There do not appear to be any exceptions to the finality requirement that apply here. Absent an appealable final decision and order by the

2

LIRAB on the substantive issues, Vicente's appeal is premature and we lack jurisdiction.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, April 26, 2019.

Presiding Judge

Associate Judge

Associate Judge